IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| PAMELA MOSES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 2:16-cv-02693-STA-dkv |
| | ) | |
| JULIUS MAURICE SMITH; | ) | |
| MEMPHIS POLICE DEPARTMENT; | ) | |
| SGT. BARBER, in his official capacity; | ) | |
| YOLANDA KIGHT, in her official capacity; | ) | |
| AMY WEIRICH, in her personal and official | ) | |
| capacity; L. HENDERSON, in his personal | ) | |
| and official capacity; and SHERIFF BILL | ) | |
| OLDHAM, in his personal and official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ORDER OF SUA SPONTE DISMISSAL**

Before the Court is the Chief United States Magistrate Judge's report and recommendation for the *sua sponte* dismissal of Plaintiff Pamela Moses' Pro Se Complaint (ECF No. 1) submitted October 25, 2016. Plaintiff filed timely objections (ECF No. 9) on November 8, 2016. For the reasons set forth below, the Chief Magistrate Judge's report and recommendation for *sua sponte* dismissal is **ADOPTED**. Plaintiff's Pro Se Complaint is **DISMISSED**.

**BACKGROUND**

On August 25, 2016, Plaintiff filed a Pro Se Complaint alleging the following claims under 42 U.S.C. § 1983, Title VII, and Tennessee law: malicious prosecution, harassment, discrimination, abuse of process, false arrest, false imprisonment, conspiracy to abuse of process,

and intentional infliction of emotional distress. Plaintiff also filed a motion for leave to proceed *in forma pauperis* (ECF No. 2). Pursuant to Administrative Order 2013-05, the case was assigned to the Chief Magistrate Judge for management of all pretrial matters, including the determination of non-dispositive matters and the issuance of reports and recommendations on all dispositive matters. In cases where a plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required to screen the complaint and dismiss the action if the complaint "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The Chief Magistrate Judge's report and recommendation (ECF No. 6) constitutes the Court's screening.

The Chief Magistrate Judge entered an order granting Plaintiff's motion to proceed *in forma pauperis* and submitted a recommendation that the Court dismiss Plaintiff's Pro Se Complaint *sua sponte* for failure to state a claim. The Chief Magistrate Judge found that the Pro Se Complaint failed to state a clam against any of the Defendants named therein and recommended dismissal pursuant to 28 U.S.C. § 1915. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544, 555–57 (2007). The Chief Magistrate Judge further recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Plaintiff's timely objections followed.

### STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b), a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."

28 U.S.C. § 636(b)(1)(C). After reviewing the evidence, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made" by the Chief United States Magistrate Judge. *Id.* However, the Court need not review any portion of the recommendation to which Plaintiff did not specifically object. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985). The Court may adopt the findings and rulings of the Chief Magistrate Judge to which no specific objection is filed. *Id.*

## ANALYSIS

**I. Plaintiff's General Objections to the Report and Recommendation**

The Court holds that Plaintiff has failed to raise any specific objection to the findings of fact or conclusions of law set out in the Chief United States Magistrate Judge's recommendation. Taken as a whole, Plaintiff's filing amounts to a general objection to the Magistrate Judge's recommended disposition. The Sixth Circuit has opined that objections to a Magistrate Judge's order or recommendation must be specific "in order to focus the busy district court's attention on only those issues that were dispositive and contentious" and thereby to serve judicial efficiency. *Howard v. Sec'y Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error. We should not permit appellants to do the same to the district court reviewing the magistrate's report.

> *Id*. (citing *Thomas*, 474 U.S. at 148).

The Court holds that Plaintiff has not presented any specific objections to the Chief Magistrate Judge's legal conclusion that Plaintiff's Pro Se Complaint has failed to state a claim over which this Court has original jurisdiction and that the Court should decline to accept supplemental jurisdiction over Plaintiff's state law claims. Plaintiff has waived any objection to the Chief Magistrate Judge's substantive conclusions. Therefore, the Court hereby adopts the Chief Magistrate Judge's recommendation.

**II. Allegations of Judicial Bias**

Plaintiff's only actual objection is her contention that the Chief Magistrate Judge harbors some bias against her. The United States Code addresses circumstances when a justice, judge, or magistrate judge should disqualify himself or herself. Under 28 U.S.C. § 455 provides, disqualification is mandatory "in any proceeding in which [the judicial officer's] impartiality might reasonably be questioned." and where the judicial officer "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a), (b)(1). Under 28 U.S.C. § 144, a party may file an affidavit "that the judge before whom the matter is pending has a personal bias and prejudice either against him or in favor of any adverse party" at which point the judicial officer cannot proceed in the case. 28 U.S.C. § 144. Such an affidavit must (1) state "the facts and reasons for the belief that bias or prejudice exists," (2) "be filed not less than ten days before the beginning of the term at which the proceeding is to be heard," and (3) include "a certificate of counsel of record stating that it is made in good faith." *Id.*

The Sixth Circuit has held that disqualification under both § 455(a) and § 144 is warranted only for extrajudicial conduct, and not judicial conduct. *Green v. Nevers*, 111 F.3d

1295, 1303–04 (6th Cir. 1997). In other words, a disqualifying bias "must be a personal bias as distinguished from a judicial one, arising out of the judge's background and association and not from the judge's view of the law." *Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1355–1356 (6th Cir. 1988). And in order for personal bias to be disqualifying, the judge's alleged bias of the judge "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *Parker v. Sill*, 989 F.2d 500 at *2 (6th Cir.1993).

Plaintiff's objections to the report and recommendation consist only of allegations of bias against the Chief Magistrate Judge. Plaintiff states that the Chief Magistrate Judge "has prior knowledge of Plaintiff from prior" litigation and that the earlier suit involved the Chief Magistrate Judge's "close personal friend Phyllis Gardner." However, Plaintiff has merely asserted that the Chief Magistrate Judge has formed an opinion about Plaintiff's lawsuits based on Plaintiff's previous suits. This does not constitute the kind of personal bias that requires disqualification. "Personal bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases." *United States v. Hatchett*, 978 F.2d 1259 at *3 (6th Cir. 1992). The Chief Magistrate Judge's report simply noted the similarity of the claims alleged by Plaintiff in her Pro Se Complaint and the claims she alleged in a separate suit pending before the Court in civil case no. 2:16-cv-02738-SHL-dkv. The Chief Magistrate Judge cautioned Plaintiff about filing duplicative suits. This warning was entirely proper. By adopting the Chief Magistrate Judge's report and recommendation, the Court explicitly adopts the warning here. Plaintiff's claims of bias are without merit.

Having concluded that Plaintiff waived any specific objection to the Chief Magistrate Judge's recommendation, the report and recommendation for *sua sponte* dismissal is *ADOPTED*. Plaintiff's Pro Se Complaint is **DISMISSED**.

### III. Plaintiff's Remaining Motions

Subsequent to the filing of the Chief Magistrate Judge's report and recommendation, Plaintiff filed the following additional Motions: Motion to Change Venue (ECF No. 7), a Petition for a Writ of Prohibition (ECF No. 8), and a Motion to Amend Complaint (ECF No. 10). Plaintiff's Motion to Change Venue argues that Plaintiff has received prejudicial publicity in this District and therefore a change of venue would serve the ends of justice. Plaintiff's related Petition for a Writ of Prohibition requests that the Court take no further action in Plaintiff's case until the Court has first decided the Motion to Change Venue. The Court holds that these two Motions are now moot. The Court has concluded that the Pro Se Complaint fails to state any claim for relief under federal law. The Court has further concluded that it will not exercise supplemental jurisdiction over Plaintiff's state law claims. As such, Plaintiff's Motions concerning venue are **DENIED** as moot.

Likewise, Plaintiff's Motion to Amend is not well taken. A plaintiff proceeding in forma pauperis may not amend her pleadings to escape sua sponte dismissal under 28 U.S.C. § 1915(e)(2). *Zindler v. Rogers*, 477 F. App'x 381, 382 (6th Cir. 2012) (citing *Benson v. O'Brian,* 179 F.3d 1014, 1016 (6th Cir. 1999). Plaintiff's Motion to Amend must therefore be **DENIED.**

## APPELLATE ISSUES

The final issue to be addressed is whether Plaintiff should be allowed to appeal this

decision *in forma pauperis*. An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendant but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

The Sixth Circuit's decisions in *McGore v. Wrigglesworth*, 114 F.3d 601, 612–13 (6th Cir. 1997) and *Floyd v. United States Postal Serv.*, 105 F.3d 274, 276 (6th Cir. 1997) apply to any appeal filed by Plaintiff in this case. If Plaintiff files a notice of appeal, she must pay the entire $505 filing fee required by 28 U.S.C. §§ 1913 and 1917. The entire filing fee must be paid within thirty (30) days of the filing of the notice of appeal. By filing a notice of appeal, Plaintiff becomes liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal. If Plaintiff fails to comply with the above assessment of the appellate filing fee within thirty (30) days[1] of the filing of the notice of appeal or the entry of this order, whichever occurred later, the Court will notify the Sixth Circuit, which will dismiss the appeal. If the

---

[1] The district court may extend this deadline one time by thirty (30) days if the motion to extend is filed before the expiration of the original deadline. *McGore*, 114 F.3d at 610.

appeal is dismissed, it will not be reinstated once the fee is paid. *McGore*, 114 F.3d at 610.

## CONCLUSION

For the foregoing reasons, the Report and Recommendation of the United States Chief United States Magistrate Judge is adopted. Plaintiff's Pro Se Complaint is dismissed *sua sponte*.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: April 21, 2017.